Hill, P. J.
(dissenting). Review of a determination made by the State Tax Commission (Civ. Prac. Act, art. 78) which fixed petitioner’s State income tax for the calendar year 1939. The surcharge was first fixed at $2,379.19. Upon a rehearing this was reduced to $1,384.22. Petitioner was first charged with the entire capital gain which resulted from the sale of stocks that he had turned over to a copartnership to enable it to effect a compromise with its creditors. Upon the reconsideration, it was determined that he should only be assessed for one half of the gain.
The commission has disallowed the claimed capital loss of $206,958.16 which petitioner asserts he sustained in connection with the winding up of the copartnership business of Oppenheimer Bros. & Yeith. The copartnership for many years dealt in precious stones and pearls. In connection with the compromise effected with the creditors it was necessary for petitioner to contribute $9,222.03 of cash, and stocks and securities which sold for $147,490.67 (one half of the gain on the sale of these stocks is the amount charged to petitioner as earlier stated). After paying to the creditors the sums fixed by the compromise agreement, there remained $17,129.93 of partnership assets which were distributed and the partnership finally dissolved. In September, 1938, petitioner’s investment in the copartnership was $323,003.31. The net capital loss of the copartnership at the time of dissolution was $413,916.31, one half thereof, $206,958.16 was' claimed by petitioner as a capital loss in connection with his income tax of 1939. This amount has been disallowed, and the additional tax arises therefrom.
The United States Internal Revenue Department, after examination, allowed petitioner the capital loss which the State Tax Commission has disallowed.
Article 493-k of the New York State Tax Commission “Personal Income Tax Regulations 41 ” reads in part as follows: “ When a partner retires from a partnership, or it is dissolved, he realizes a gain or sustains a loss computed as prescribed in article 491-a.” The claimed capital loss was arrived at by computation under article 491-a of Regulations 41.
The determination of the State Tax Commission should be annulled on the law and facts, and petitioner’s tax for 1939 should be computed in accordance with his report.
Heffeman, Brewster, Poster and Lawrence, JJ., concur in decision; Hill, P. J., dissents in opinion.
Determination of the State Tax Commission confirmed, without costs.